UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RANDALL RAY SMITH, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:24-cv-254 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| PEOPLES BANK OF | ) | Magistrate Judge Susan K. Lee |
| MIDDLE TENNESSEE. | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

This matter is before the Court for case management purposes. This is the third suit Plaintiff has brought against Defendant People's Bank of Middle Tennessee. (*See* Case Nos. 1:24-cv-66, 1:24-cv-137.) The Court consolidated the prior two cases after finding that "the facts and legal questions in both cases [are] identical. (Doc. 25, at 1 in Case No. 1:24-cv-66.) On July 24, 2024, the Court dismissed both cases for a lack of subject matter jurisdiction. (*See* Doc. 46 in Case No. 1:24-cv-66.) However, only five days later, Plaintiff filed what appeared to be the same complaint based upon the same set of facts. (*Compare* Doc. 1 with Doc 1. in Case No. 1:24-cv-66.) The Court therefore ordered Plaintiff to show cause as to why his claims should not be dismissed for lack of subject matter jurisdiction. (Doc. 9.) Plaintiff did not respond to the Court's order, and the deadline to do so has now passed. As noted, Plaintiff's new case is merely the refiling of an old complaint which this Court has already dismissed for lack of subject matter jurisdiction. (*See* Doc. 46 in Case No. 1:24-cv-66.) The Court does not possess subject matter jurisdiction over the present matter either. *Answers in Genesis of Kentucky, Inc. v.*

*Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.") (citations omitted).

The Court also put Plaintiff on notice that if his complaint was found to be frivolous, the Court may issue sanctions to deter him from continuing to file frivolous and meritless motions and pleadings. (Doc. 9.) "A court may exercise its inherent power to sanction when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' or when the conduct was 'tantamount to bad faith.'" *United States v. Aleo*, 681 F.3d 290, 305 (6th Cir. 2012) (quoting *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)). To prevent these repeated frivolous filings, courts have sanctioned individual litigants to protect the fair and efficient administration of justice for those parties pursuing legitimate claims. *See United States v. Lewis*, 411 F.3d 838, 844 (7th Cir. 2005) (noting at times courts must resort to monetary sanctions or filing bars to restrain abusive litigants); *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (ordering clerk of court to return any papers defendant attempted to file in all civil actions until he paid sanctions entered against him for filing numerous frivolous and fraudulent filings); *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (entered order addressing prisoner's repeated filing of civil actions and successive collateral attacks on the basis of the Supreme Court's holding in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), that courts have inherent powers to protect themselves from vexatious litigation).

In light of Plaintiff's pro se status, the Court will warn him one final time: Plaintiff cannot refile the same complaint and hope for a different result. It is a waste of the resources of the Court, the Defendant, and, indeed, Plaintiff himself. The proper course of action would be to appeal the Court's decision, which Plaintiff has now done. (*See* Docs. 49, 50 in Case No. 1:24-

cv-66.) If Plaintiff continues to refile the same complaint, the Court may issue sanctions, including a limited injunction, to deter him.

For the reasons stated above, Plaintiff's claims (Doc. 1) are **DISMISSED WITHOUT PREJUDICE**. Because there no claims remaining, Defendant's motion for an extension of time to answer (Doc. 11) is **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**